Alana W. Robinson
Acting United States Attorney
ANDREW P. YOUNG
Illinois Bar No.: 6284303
BENJAMIN J. KATZ
California Bar No.: 272219
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-7981
Email: Andrew.p.young2@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>OWEN HANSON (1),<br>LUKE FAIRFIELD (3)<br>GIOVANNI BRANDOLINO (5),<br>DEREK LOVILLE (8),<br>CHARLIE D'AGOSTINO (9),<br>MARLYN VILLAREAL (10),<br>DYLAN ANDERSON (11)<br>JEFF BELLANDI (14),<br>KHALID PETRAS (18),<br>DANIEL ORTEGA (23).<br><br>Defendants. | Case No.: 15-cr-2310-WQH<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS IN LIMINE**<br><br>**DATE:** February 6, 2017<br>**TIME:** 2:00 P.M. |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Alana W. Robinson, Acting United States Attorney, and Andrew Young and Benjamin J. Katz, Assistant United States Attorneys, and hereby files its Memorandum Of Points And Authorities In Support Of Motions *In Limine*.[1]

---

[1] At time of this filing, the Government anticipates that defendants Owen Hanson (1), Giovanni Brandolino (5), Charlie D'Agostino (9), Marlyn Villareal (10) and Daniel Ortega (23) will enter a guilty plea in this matter. Moreover, the government anticipates that at least one defendant will file a motion

I.
## MOTION TO ADMIT DEFENDANTS' POST-ARREST STATEMENTS

The government intends to offer the post-arrest statements of defendants Dylan Anderson, Derek Loville, and Luke Fairfield at trial.[2] The Defendants' post-arrest statements should be admitted at trial. Prior to being interviewed, each defendant was advised of their rights verbally and in writing. Each clearly indicated that they understood them, and told agents (and agreed in writing) that they wanted to waive their rights and make a statement. There was not a hint of compulsion or coercive conduct; each statement was given voluntarily.

A statement made in response to custodial interrogation is admissible under *Miranda v. Arizona*, 384 U.S. 437 (1966), and 18 U.S.C. § 3501 if a preponderance of the evidence indicates that the statement was made after an advisement of *Miranda* rights, and was not elicited by improper coercion. *See Colorado v. Connelly*, 479 U.S. 157, 167–70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; invalid waiver of *Miranda* rights should not be found in the "absence of police overreaching"). Here, the advisals were clear and there was not even a hint of coercive conduct by the agents. Thus, Defendants' statements should be admitted.

II.
## MOTION TO ADMIT LAY OPINION TESTIMONY

The Government intends to elicit lay opinion testimony as to the meaning of certain words and conversations under Fed. R. Evid. 701. Unlike Rule 702 expert testimony, there are no notice or discovery provisions regarding Rule 701 lay opinion testimony.

---

to continue the trial currently set for February 14, 2017. Should this Court grant that continuance, the government anticipates requesting leave to file additional or amend these motions *in limine*.

[2] With regard to defendants Derek Loville and Dylan Anderson, these statements were video recorded. Agents attempted to record Luke Fairfield's interview but the tape malfunctioned. The government intends to introduce Fairfield post-arrest statements through the testimony of an agent present at the interview.

A lay witness may offer opinion testify so long as it is "rationally based on the witnesses' perceptions." Fed. R. Evid. 701(a). "Rationally based" entails that the lay opinion be based on the witnesses' personal knowledge. *United States v. Lopez*, 762 F.3d 852, 864 (9th Cir. 2014). Personal knowledge upon which a lay witness' testimony rests may be gained during the course of the witness' investigation. *United States v. Gadson,* 765 F.3d 1189, 1206-07 (9th Cir. 2014). In the context of the interpretation of recorded conversations, a lay witness with personal knowledge may give opinions as to the meaning of code words used in such conversations. *Id.* Similarly, in *United States v. Freeman*, 498 F.3d 893 (9th Cir. 2007), the Ninth Circuit upheld the admission of case agent's lay testimony regarding coded communications based on the agent's knowledge of the investigation:

> The record reveals that the majority of [the case agent's] lay testimony consisted of his interpretations of ambiguous conversations based upon his direct knowledge of the investigation. Although [the case agent] was not a participant in the conversations he interpreted, his understanding of ambiguous phrases was based on his direct perception of several hours of intercepted conversations – in some instances coupled with direct observations of [defendants] Mitchell and Brown – and other facts he learned during the investigation . . . Such testimony also proved helpful to the jury in determining what [defendants] Freeman, Mitchell, and Brown were communicating during the recorded telephone calls . . . [the case agent's] interpretation of ambiguous statements was permissible under Fed. R. Evid. 701 . . .

*Id.* at 904-05.

Here, the Government intends to elicit lay opinion testimony from both coconspirators of the defendants, as well as law enforcement officers who monitored the intercepted communications. The witnesses will base their opinions on their unique knowledge of the ODOG Enterprise and the manner in which its members operated. Consistent with *Freeman* and *Gadson*, witnesses will not attempt to interpret "clear statements that are within the common knowledge of the jury." *Gadson*, 763 F.3d at 1208 (citation omitted).

## III.

## MOTION FOR PRETRIAL ORDER RE WIRETAP COMMUNICATIONS

As noted above, the Government intends to introduce into evidence numerous intercepted wiretap conversations. Prior to trial, these intercepted communications will be copied onto the hard drive of a computer to allow easy access and playback of the recorded conversations during trial. Along with the audio presentation of the intercepted conversations, the jurors will be provided transcripts to aid them in listening to and understanding what is being said on the recordings; the transcripts will identify the participants in the conversations. Because all the recorded calls are in the English language, the Government will not seek to admit the transcripts into evidence.

### A.     Foundational Requirement

The foundation which must be laid for the introduction into evidence of recorded conversations is a matter largely within the discretion of the trial court, as there is no rigid set of foundation requirements. *United States v. Hollingshead*, 672 F.2d 751, 755, n.3 (9th Cir. 1982). The recorded conversations are admissible so long as they are relevant and properly authenticated. *See e.g., United States v. Matta-Ballesteros*, 71 F.3d 754, 768 (9th Cir. 1995) (recorded conversation properly authenticated when government presented evidence that it had not tampered with the recording and that the speakers were parties involved in the case).

Recorded conversations are authenticated under Fed. R. Evid. 901(a) if "sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *Id.* (citation omitted). For example, in *United States v. Thomas*, 586 F.2d 123, 132 (9th Cir. 1978), a DEA agent testified that the voice on several tapes was that of the defendant. On appeal, the defendant argued that the DEA agent's testimony was improper opinion testimony by a lay witness. *Id.* at 133. The Ninth Circuit held this testimony was proper:

> Under Fed. R. Evid. 901(b)(5), voice identification to determine the admissibility of recorded conversations may be made by one who has heard

>the voice "at any time under circumstances connecting it with the alleged speaker." Lay opinion on this issue is permissible so long as the witness testifying has this requisite familiarity with the speaker.

Id. (citations omitted).

Similarly, Fed. R. Evid. 901(b)(6) sets forth an additional means of authenticating recorded telephone conversations:

>Telephone conversations [may be properly authenticated] by evidence that a call was made to the number assigned at the time by the telephone company to a particular person or business, if (A) in the case of a person, circumstances, including self-identification, show the person answering to be the one called .
>. . .

Thus, the identity of a telephone caller may be established by self-identification of the caller, coupled with additional evidence such as the context and timing of the telephone call, the contents of the statements challenged, internal patterns and other distinctive characteristics, and disclosure of knowledge of facts known peculiarly to the caller. *United States v. Orozco-Santillan*, 903 F.2d 1262, 1266 (9th Cir. 1990); *United States v. Turner*, 528 F.2d 143 (9th Cir. 1975) (direct and circumstantial evidence may establish voice identification, and officer who worked wiretaps and talked with defendants at time of arrest could testify regarding voice identification, especially since he was subject to full and complete cross-examination).

**B.  Use of Transcripts**

It is well-settled that a trial judge has wide discretion in determining whether to allow the use of transcripts to aid the jury in listening to recorded conversations. *See e.g., United States v. Taghipour*, 964 F.2d 908, 910 (9th Cir. 1992); *United States v. Hsieh Hui Mei Chen*, 754 F.2d 817, 824 (9th Cir. 1985). Recognizing that discretion, the Ninth Circuit has repeatedly upheld district courts' decisions to allow the use of transcripts to aid the jury in listening to audio tapes. *See e.g. United States v. Pena-Espinoza*, 47 F.3d 356, 360 (9th Cir. 1995); *United States v. Felix-Rodriguez,* 22 F.3d 964, 965-66 (9th Cir. 1994); *United States v. Armijo*, 5 F.3d 1229, 1234 (9th Cir. 1993); *United States v. Booker*, 952 F.2d 247

(9th Cir. 1991). Copies of any transcripts the Government anticipates using in its case-in-chief will be provided to the Defendants prior to trial.

## C. **Audibility of Recordings**

"A recorded conversation is generally admissible unless the unintelligible portions are so substantial that the recording as a whole is untrustworthy." *United States v. Lane*, 514 F.2d 22, 27 (9th Cir. 1975). "[P]artial inaudibility is no more valid reason for excluding recorded conversations than the failure of a personal witness to overhear all of a conversation should exclude his testimony as to those parts he did hear." *Cape v. United States*, 283 F.2d 430, 435 (9th Cir. 1960). Thus, "[e]ven if part of the tape is inaudible or missing, it is admissible if the trial judge believes that it has probative value." *United States v. Hurd*, 642 F.2d 1179, 1183 (9th Cir. 1981). The recorded conversations the Government will introduce into evidence at trial undoubtedly fall within the parameters for admissibility under the foregoing.

## IV.
## MOTION TO ADMIT BIOGRAPHICAL INFORMATION
## FROM POST-ARREST STATEMENT

As noted above, the United States anticipates introducing intercepted text messages in its case-in-chief. Should Defendants not agree to stipulate that they were the users of the phone numbers associated with these text messages, the United States moves to admit the portion of Defendants' post-arrest statements in which they provide the relevant phone numbers as their own.

Longstanding Supreme Court and Ninth Circuit precedent establishes that biographical information provided in response to "routine booking questions" are admissible even if *Miranda* warnings have not yet been provided. *See, e.g., Pennsylvania v. Muniz*, 496 U.S. 582 (1990); *United States v. Booth*, 669 F.2d 1231, 1238 (9th Cir. 1981) ("ordinarily, the routine gathering of background biographical data will not constitute interrogation.") *United States v. Perez*, 776 F.2d 797, 799 (9th Cir. 1985) (holding that *Miranda* warnings not required when asking Defendant routine questions concerning his

identity) *overruled on other grounds by United States v. Cabaccang,* 332 F.3d 622, 634-35 (9th Cir. 2003).

In this case, each Defendant was asked the booking questions present on standard FBI booking documentation prior to being advised of their *Miranda* rights. These routine questions involve an individual's name, age, address, and contact information. Responses to these questions fall squarely within the booking exception to *Miranda*. This court should admit any such responses to lay a proper foundation for intercepted communications associated with the relevant phone numbers.

## V.
## MOTION TO ADMIT BUSINESS RECORDS

The Government intends to introduce cellular telephone records and bank records associated with the defendants. These telephone and bank records are admissible as business records under Fed. R. Evid. 803(6). *United States v. Yeley-Davis*, 632 F.3d 673, 678 (10th Cir. 2011) (upholding admission of certified telephone records from Verizon Wireless under Rule 803(6)). To be admissible under Rule 803(6), the proposed document must have been "[1] made at or near the time of the events it records or describes, [2] by, or from information transmitted by, a person with knowledge of those events, [3] kept in the course of a regularly conducted business activity, and [4] part of a business's regular practice." *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 980 (9th Cir. 2009) (quotations omitted). The prerequisites for admissibility may be satisfied "by a certification that complies with [Fed. R. Evid.] 902(11)." Fed. R. Evid. 803(6). Working with Rule 803(6)'s business-records exception, Rule 902(11) permits a party to establish the authenticity of documents as domestic business records through a declaration from the records' custodian. *See United States v. Anekwu*, 695 F.3d 967, 976 (9th Cir. 2012) ("Federal Rule of Evidence 902(11) provides that domestic records that meet the requirements of Rule 803(6)(A)-(C), as shown by the certification of a custodian, are self-

authenticating."). The Government hereby gives notice of intent to authenticate this evidence under Rule 902(11).[3]

## VI.
## MOTION TO EXCLUDE WITNESSES

The Government moves the Court to exclude witnesses under Fed. R. Evid. 615. FBI Special Agents John Smaldino and Nicholas Cheviron, the Government's co-case agents, should be allowed to remain in the courtroom during trial. The Government does not object to the presence of one defense investigator for each defendant to remain in the courtroom during trial.

## VII.
## MOTION TO PRECLUDE DEFENDANTS FROM ELICITING SELF-SERVING HEARSAY TESTIMONY

The defendants should be precluded from eliciting their own out-of-court statements or their co-conspirators' statements through cross-examination of the Government's witnesses. Those statements are inadmissible hearsay under Fed. R. Evid. 801(c) and 802, and they do not fall within any of the hearsay rule exceptions set forth in Rules 803 and 804. Furthermore, the defendants cannot rely on Fed. R. Evid. 801(d)(2) to introduce such statements because the they are the proponent of the evidence and because the evidence is not being entered against them. *See, e.g., United States v. Fernandez*, 839 F.2d 639, 640 (9th Cir. 1988) (defendant who chose not to testify at trial was properly kept from eliciting self-serving statements during the cross examination of a Government witness because that is "precisely what the hearsay rule forbids").

Similarly, the defendants cannot rely on Fed. R. Evid. 106 to admit their statements through cross examination. Rule 106 provides for a "rule of completeness" for writings or recorded statements where another part of the writing "ought in fairness to be considered contemporaneously with it." But "Rule 106 does not render admissible otherwise

---

[3] In advance of trial, the government will provide defendants with copies of the certifications and written notice of the relevant records consistent with the FRE 902(11) notice requirement.

inadmissible hearsay." *United States v. Mitchell*, 502 F.3d 931, 965 n.9 (9th Cir. 2007); *United States v. Sine,* 493 F.3d 1021, 1037 n.17 (9th Cir. 2007) ("The Federal Rules of Evidence's 'principle of completeness' also does not allow the admission of otherwise inadmissible statements."); *United States v. Woolbright*, 831 F.2d 1390, 1395 (8th Cir. 1987) ("[N]either Rule 106, the rule of completeness, which is limited to writings, nor Rule 611, which allows a district court judge to control the presentation of evidence as necessary to the 'ascertainment of the truth' empowers a court to admit unrelated hearsay in the interest of fairness and completeness when that hearsay does not come within a defined hearsay exception").

Finally, if any of the defendants improperly elicits hearsay statements from the Government's witnesses, the Government will seek to introduce "evidence of a statement or conduct by the declarant at any time, inconsistent with the declarant's hearsay statement . . . ." Fed. R. Evid. 806. Additionally, the Government will attack the credibility of the declarant (e.g., the non-testifying defendant), utilizing "any evidence which would be admissible for [that] purpose if [the] declarant had testified at trial." Fed. R. Evid. 806. Such impeachment is proper under Rule 806 even though the scope of that Rule is explicitly limited to statements admitted under Rule 801(d)(2), (C), (D), or (E), because those limits presuppose compliance with Rule 802. Should any of the defendants choose to circumvent Rule 802, the underlying rationale of Rule 806 must control:

> The declarant of a hearsay statement which is admitted in evidence is in effect a witness. His credibility should in fairness be subject to impeachment and support as though he had in fact testified.

Fed. R. Evid. 806, Advisory Committee Note.

## VIII.
## MOTION FOR RECIPROCAL DISCOVERY

The Government has complied with its discovery obligations under Fed. R. Crim. P. 16 and this Court's orders. To date, the Defendants have not provided the Government

1  with any reciprocal discovery.  The Court should enter an order requiring the defendants
2  to comply with Rule 16(b).
3
4
5       DATED: January 9, 2017              Respectfully submitted,
6                                           ALANA W. ROBINSON
7                                           Acting United States Attorney
8
9                                           /s/Andrew P. Young
                                            Assistant United States Attorney
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 15-cr-2310-WQH |
| v. | |
| OWEN HANSON (1),<br>LUKE FAIRFIELD (3)<br>GIOVANNI BRANDOLINO (5),<br>DEREK LOVILLE (8),<br>CHARLIE D'AGOSTINO (9),<br>MARLYN VILLAREAL (10),<br>DYLAN ANDERSON (11)<br>JEFF BELLANDI (14),<br>KHALID PETRAS (18),<br>DANIEL ORTEGA (23). | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and am not a party to the above-entitled action; that I served the following document: United States' Motions *in Limine* and Memorandum of Points and Authorities in Support of Motions *In Limine*, in the following manner: by electronically filing with the U.S. District Court for the Southern District of California using its ECF System.

DATED: January 9, 2017            /s/ Andrew P. Young
                                  ANDREW P. YOUNG
                                  Assistant United States Attorney